UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ———————————— : | |
| ANTHONY GLIELMI and : | |
| PATRICIA GLIELMI, : | |
| : | Civil Action No. |
| Plaintiffs, : | 09-5734 |
| : | |
| v. : | **OPINION** |
| : | |
| THE RAYMOND CORPORATION and : | |
| ARBOR MATERIAL HANDLING, INC. : | |
| : | |
| Defendants. : | |
| ———————————— : | |

**<u>Appearances</u>:**
GARY W. BOGUSKI
TAYLOR & BOGUSKI LLC
LARCHMONT LAW & PROFESSIONAL CENTER
199 SIXTH AVENUE
P.O. BOX 227
MT. LAUREL, NJ 08054

ROBERT M. CAPLAN
WHITE AND WILLIAMS LLP
1650 MARKET STREET
ONE LIBERTY PLACE, SUITE 1800
PHILADELPHIA, PA 19103
*Attorneys for Plaintiffs,*

FRANCIS J. GREY, JR.
WILLIAM J. RICCI
LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY, PC
1300 ROUTE 73
SUITE 307
MOUNT LAUREL, NJ 08054
*Attorneys for Defendants.*

**<u>HILLMAN, District Judge</u>**

Currently pending before the Court is Defendant The Raymond Corporation's ("Raymond") Motion for Reconsideration [Doc. No. 44] of this Court's prior Opinion and Order entered on March 19,

2012.  [Doc. Nos. 40 & 41.]  For the reasons that follow,
Defendant's Motion will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case are familiar to all relevant parties
and are detailed in the Court's prior Opinion. [See Doc. No. 40.]
The Court therefore only discusses the facts and procedural
history that are relevant to the instant Motion.

On March 19, 2012, the Court entered an Order denying
Defendant's Motion for Summary Judgment.[1] [Doc. No. 41.] Most
relevant to the instant Motion, the Court found that an agency
relationship existed between Defendant Arbor Material Handling,
Inc. ("Arbor") and Defendant Raymond.  More specifically, the
Court found that Raymond, as the manufacturer, was the principal
in the relationship, and Arbor, as the dealer that provided
rentals and training related to the forklift machinery, was the
agent.

Raymond filed the instant Motion for Reconsideration on
April 2, 2012, seeking reconsideration of the Court's holding

---

[1] Defendants filed two motions for summary judgment on June
15, 2011.  The first motion, docketed at No. 30, sought summary
judgment regarding the reliability of Plaintiff's expert.  The
second motion, docketed at No. 32, argued that Plaintiff Anthony
Glielmi's claims should be dismissed because Defendants owed no
duty to him.  The second motion for summary judgment is the
motion at issue in the present matter.  Therefore, when the Court
references Defendant's Motion for Summary Judgment in this
Opinion, it is referring solely to the second summary judgment
motion docketed at No. 32.

that Raymond could be held liable under the agency principles of New Jersey law. [Doc. No. 44.] Plaintiffs Anthony and Patricia Glielmi[2] filed a Response in Opposition on April 16, 2012. [Doc. No. 45.] This matter is now ripe for judicial review.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  See Harrison v. Smith, No.Civ.A.08-3050, 2010 WL 715666, at *2 (D.N.J. Feb. 24, 2010) (citing United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999)).  Generally, such motions are treated as motions to alter or amend the judgment of the court pursuant to Rule 59(e), or as motions for relief from the court's judgment or order under Rule 60(b).  See Harrison, 2010 WL 715666 at *2.  In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(I).  Bowers v. Nat'l Collegiate Athletics Assoc., 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  That rule provides, in relevant part, as follows:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. . . . A brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked shall be filed with the Notice of Motion.

L.R. 7.1(I).

A motion for reconsideration is "a device to relitigate the

---

[2] Plaintiff used singularly refers to Anthony Glielmi.

original issue decided by the district court, and [it is] used to allege legal error." Dermo v. Isaacson, No. Civ.A.11-06520, 2012 WL 4207179, at *1 (E.D. Pa. Sept. 19, 2012) (internal citations and quotation marks omitted). In order to prevail on a reconsideration motion, the movant has the burden of demonstrating one of the following:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The standard for reargument is considerably high, and such motions are to be granted only sparingly. See Dermo, 2012 WL 4207179 at *2; Harrison, 2010 WL 715666 at *2. Thus, a party's difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Comm. Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other

4

words, "[a] motion for reconsideration should not provide the
parties with an opportunity for a second bite at the apple."
Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998)
(internal citation omitted).

## III.  DISCUSSION

In its present Motion for Reconsideration, Defendant argues
that the Court erred in finding that an agency relationship
existed between Raymond and Arbor.  (Def.'s Mot. Recons. 1.)
More specifically, Raymond argues that it cannot be held liable
for Arbor's actions because it played no role in the orientation
during which Glielmi was injured, nor did it supply the subject
forklift. (Id. at 2.)  Rather, Raymond avers that any liability
related to Glielmi's accident during the orientation should be
imputed to another company, Malin Integrated Handling S&D
("Malin").  According to Defendant, Malin — not Raymond — was
actually the company that supplied the rental forklift to Arbor.
Raymond therefore avers that the Court erred in its analysis of
New Jersey state law agency principles.[3]

_____

[3] It is unclear from Defendant's Motion whether it is
presently asserting that Plaintiff's employer, Superior Pool,
purchased the forklift from Malin, or whether the rental request
was made by Malin.  On page 4 of its Motion, Raymond states: "The
Court found that Superior Pool purchased a new forklift from
Raymond.  But the purchase was made from Malin."  The remainder
of Defendant's Motion, however, appears to allege that Malin made
the rental request to Arbor.  (See e.g., Def.'s Mot. for Recon.
at 2 ("The rental request was made by Malin Integrated Handling
SD [ ] to Arbor.").)
    With respect to Raymond's assertions that Superior purchased

The law in this Circuit is clear that, when a party moves
for reconsideration, "relief is unavailable 'where the evidence
provided in support of such a motion was available but was not
submitted' with the prior motion." <u>Menke v. Baker</u>, No. Civ.A.10-
2585, 2012 WL 3146876, at *3 (D.N.J. Aug. 1, 2012) (Rodriguez,
J.) (citing <u>Baker v. Allen</u>, No. Civ.A.03-2600, 2006 WL 2226351,
*4 (D.N.J. Aug. 3, 2006)); <u>see also</u> <u>Harsco Corp. v. Zlotnicki</u>,
779 F.2d 906, 909 (3d Cir.1985) ("Where evidence is not newly
discovered, a party may not submit that evidence in support of a

---

the forklift from Malin, the evidence of record firmly indicates
to the contrary.  Raymond itself expressly stated in its response
to Plaintiff's interrogatories that "The Raymond Corporation sold
the subject forklift to Arbor Material Handling Inc." (Def.'s
Answers Pl.'s Interrog. at 5.) Moreover, in Defendant's
Statement of Material Facts Not In Dispute attached to its
summary judgment motion, Raymond clearly stated that it was
undisputed that "Arbor purchased the forklift from Raymond,
rented it to Superior Pool, and delivered it to Superior Pool's
Blackwood facility on the morning of the accident." (Def.'s Mot.
Summ. J. [Doc. No. 32] ¶ 5.) Even further, Raymond attached an
order from for the forklift as Exhibit 1 to its Motion for
Reconsideration.  Although Defendant attempts to use Exhibit 1 to
show that Superior ordered the forklift from Malin, the document
is clearly a "Raymond Industrial Equipment Limited" sales order
form showing a Raymond sale, presumably through Malin as primary
dealer, for ultimate delivery to Superior Pool.  In short, the
proffered document does nothing to take Raymond out of the sale.
At best, it suggests that another dealer (and therefore another
Raymond agent) may also have had a hand in the sale.  While it
could suggest that Arbor did not have a direct role in the sale,
there appears to be little doubt that Arbor was at Superior Pool
the day of the accident because Superior had purchased a Raymond
lift not yet ready for delivery.  Whether there because Raymond,
the manufacturer, asked or Malin, another Raymond dealer, asked,
Arbor was there to provide interim help in support of a Raymond
sale.  As Plaintiff points out, Raymond's extensive dealer
network, perhaps geographically defined, does not shrink its
number of agents, it likely expands it.

6

motion for reconsideration."); Leja v. Schmidt Mfg.,Inc., 743 F.Supp.2d 444, 456 (D.N.J.2010)("[A] motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling."). As noted by the Menke Court, "[f]or the purposes of a motion for reconsideration, new evidence does not refer to evidence that a party obtains or submits to the court after an adverse ruling. The key feature of 'new evidence' is that the party could not have submitted the evidence earlier because it was unavailable." Menke, 2012 WL 3146876 at *3 (citing Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010)) (internal quotation marks omitted).

In the instant case, there is nothing in the record to suggest that evidence related to the presence and potential liability of Malin was previously unavailable. In fact, Mr. Bacon, the branch manager of Plaintiff's employer Superior Pools, was questioned during his deposition about Malin's role in the rental or delivery of the subject forklift, and responded that he was unfamiliar with Malin and that all of his communications related to the rental, delivery, and orientation were with Raymond or Arbor. (See Dep. of Russell Bacon ("Bacon Dep") 30:18-25; 31:5-25; 32:1-5, 22-25; 33:1-5.) The remainder of the evidentiary record before the Court at summary judgment was

7

noticeably devoid of any other reference to Malin.  For example, in Raymond's Answers to Plaintiff's Interrogatories attached to its own summary judgment motion, Defendant provided the following information:

> 9.      State whether you designed and/or manufactured the forklift which is the subject of this action, and if not, identify the party who did.
>
> Answer:  The subject forklift was designed by The Raymond Corporation.  The subject forklift was manufactured by Raymond Industrial Equipment Limited.
>
> 10.     State whether you sold or otherwise distributed the product, and if not, identify the party who did.
>
> Answer:  The Raymond Corporation sold the subject forklift to Arbor Material Handling, Inc.

(Def.'s Answers Pl.'s Interrog. at 5.)  Had Defendant wanted to raise the issue of Malin's role in the transaction, the proper time to do so would have been prior to the Court's decision at summary judgment — such as in its Answers to Interrogatories — and not "in response to an adverse ruling."  Menke, 2012 WL 3146876 at *3.  As such, given that there is no indication that this evidence constitutes previously unavailable "new" evidence, reconsideration on these grounds would be inappropriate.

However, even if the Court were to consider the recently disclosed role of Malin as new evidence, it would nonetheless reach the same conclusion because "reconsideration of any new evidence is only permissible if the evidence would alter the disposition of the case."  Id. at *3 (citing Interfaith Cmty.

8

Org. Inc. v. PPG Indus., Inc., 702 F.Supp.2d 295, 317 (D.N.J. 2010)). In New Jersey, the law of agency is clear that:

> An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent. Moreover, parties do not have to specifically agree to form an agency relationship; instead, the law will look at their conduct. . . . Implied authority may be inferred from the nature or extent of the function to be performed, the general course of conducting the business, or from particular circumstances in the case. Thus, even if a person is not an "actual agent," he or she may be an agent by virtue of apparent authority based on manifestations of that authority by the principal. . . . In determining whether an agency relationship existed, a court must examine the totality of the circumstances[.]

In re Pro Auto Recyclers, Inc., No. Civ.A.06-3134, 2007 WL 275981, at *4 (D.N.J. Jan. 26, 2007) (citing Sears Mortg. Corp. v. Rose, 134 N.J. 326, 338 (N.J. 1993); Henningsen v. Bloomfield Motors, 32 N.J. 358, 374 (N.J. 1960); Carlson v. Hannah, 6 N.J. 202, 212 (N.J. 1951); C.B. Snyder Realty Co. v. Nat'l Newark Banking Co., 14 N.J. 146, 154 (N.J. 1953)) (internal quotation marks omitted).  Moreover, the New Jersey Supreme Court has further indicated that it is "[o]f particular importance [] whether a third party has relied on the agent's apparent authority to act for a principal."  Sears Mortg. Corp., 134 N.J. at 338 (citing N. Rothenberg & Son v. Nako, 49 N.J. Super. 372, 382-83 (App. Div. 1958)).

Here, even if Malin was responsible for the rental request, the record nonetheless indicates that an agency relationship

existed between the manufacturer, Raymond, and its dealer —
regardless of whether that dealer was Malin or Arbor.   It is
undisputed that Raymond designed the subject forklift and sold
and distributed it to a dealer.   (See Def.'s Answers Pl.'s
Interrog. at 5.)   It is also undisputed that Superior purchased
the forklift from Raymond.   (Bacon Dep. 29:17-18.)   Because the
forklift manufactured by and ordered from Raymond was not ready
on the scheduled delivery date, the dealer — whether that be
Malin or Arbor — arranged for the rental.   The rental therefore
was subsumed within the overall transaction related to the
purchase and sale of the Raymond forklift.   Upon arrival of the
rental forklift, an Arbor employee conducted the machinery
orientation during which Mr. Glielmi was injured.   Thus, in
assessing the totality of the circumstances surrounding the
parties' conduct, the facts indicate that an agency relationship
existed between Raymond and its dealer, and indeed any dealer who
had a role in arranging the sale and providing sales support
including an interim rental.[4]

        This finding is further bolstered by the fact that, at all

------

        [4] Once again, the proffered sale order attached as Exhibit 1
to the Motion for Reconsideration does more to undermine than
support the motion.   Handwriting on the sales order indicates
that delivery of the new forklift would not occur for almost
three months and that the sale contemplated a "monthly rental
until new truck [came] in."   As discussed previously, that one
Raymond agent, Malin, asked another Raymond agent, Arbor, to
provide the interim rental, does undermine the conclusion that
Arbor acted as Raymond's agent.

relevant times, a third party — Superior — believed it was
dealing with Raymond or an entity authorized to act on its
behalf.  For example, at various points throughout Mr. Bacon's
deposition, he indicates his belief that Raymond or Arbor
provided the forklift.[5]  For example:

> Q:   Who contacted you and what did you learn?
> A:   It was someone from the Raymond Corporation[.]
>      . . .
> Q:   Did you speak to the person from Raymond? When you
>      say Raymond, are you talking about Arbor or
>      Raymond?
> A:   See, I don't remember to be honest.
> . . .
> Q:   After you spoke to the person . . . [w]hat did you
>      decide to do?
> A:   They were going to provide us with a rental.
> Q:   Now, at that point did you get in touch with Arbor?
> A:   No.
> Q:   At any point did you talk to Arbor?
> A:   I don't believe I ever spoke to Arbor.  I believe
>      it was Raymond, but I'm not sure of the distinction
>      between the two.
> . . .
> Q:   At some point before this rental showed up did you
>      meet with anybody from Raymond or Arbor?
> A:   . . . I'm sure.  Yes. Yes.
> . . .
> Q:   How did you find out when the delivery was going to
>      happen?
> A:   I don't remember if I took a call from someone
>      directly from Raymond or Arbor[.]

(Bacon Dep. 31:5-6, 13-16, 21-25; 32:1-5; 35:3-13; 44:15-19.)
Therefore, the circumstances surrounding the delivery of the
forklift and the following orientation program during which Mr.
Glielmi was injured further support the presence of an agency

---

[5] Notably, he never references Malin.

11

relationship between Raymond and one its dealers.

Finally, the Court pauses to note the procedural nature of its prior holding. In its initial Opinion, the Court denied summary judgment. On the other hand, a grant of summary judgment in either party's favor would have had a conclusive effect. The denial of summary judgment, however, does not have such an effect. Rather, Raymond will still have the chance to convince a jury at trial that it owed no duty to Plaintiff. In other words, as a result of the Court's denial of summary judgment, Raymond's assertions and defenses will, if supported by the evidence at trial, be, in a sense, "reconsidered" by a jury.[6] As such, the nature of the initial ruling further weighs in favor of denying reconsideration under these circumstances.

Based on the above, there is nothing in the record indicating that evidence related to the presence and potential

---

[6] Although we do not retreat from our ruling, if necessary, any lingering factual dispute concerning the respective role of Arbor and Malin and their relationships to Raymond could be submitted to a jury. This Court has previously recognized that "[w]here it is not entirely clear . . . and different inferences . . . can fairly be drawn from the evidence, it is for the fact finder to determine the question of agency." Camarota v. The Mayfair Org., No. Civ.A.05-2359, 2008 WL 4508836, at *6 (D.N.J. Sept. 29, 2008) (Hillman, J.)(internal citation and quotation marks omitted). Although the Court discussed agency principles according to Pennsylvania law in Camarota, the same principle would apply under New Jersey principles of agency. See Automated Salvage Transport, Inc. v. NV Koninklijke KNP BT, 106 F.Supp.2d 606, 621 (D.N.J. 1999). What was clear at the time of the previous Opinion and what remains clear now is that Defendant Raymond is not to entitled to summary judgment on the issue of agency.

liability of Malin was previously unavailable; thereby making this "new evidence" requiring reconsideration of the Court's prior ruling.  Even if the Court were to consider this information as new evidence, however, reconsideration would nonetheless be unnecessary because it would not alter the Court's prior ruling.  Accordingly, Defendant's Motion for Reconsideration is denied.

      An appropriate Order follows.


At Camden, New Jersey

                         /s/ Noel L. Hillman
                         _____
                         NOEL L. HILLMAN, U.S.D.J.